IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA, )
)
v. )
)
RONALD EUGENE KERSEY, ) CASE NO. CR408-080
)
Defendant. )
)

## O R D E R

Before this Court is the United States of America's Second Motion[1] for a Preliminary Order of Forfeiture. (Doc. 29.) Defendant Ronald Eugene Kersey agreed to forfeit the items in this Motion pursuant to his plea agreement. (Defendant's Corrected Plea Agreement ¶ B.1.) For the following reasons, the Preliminary Order of Forfeiture is **GRANTED**.

1. Defendant Ronald Eugene Kersey was indicted by a Federal grand jury on July 10, 2008, for three counts of "convicted felon in possession of firearms" and three counts of "unlawful user of controlled substances in possession of firearms." (Doc. 13.) On August 6, 2008, Defendant pled guilty to the three counts of "unlawful user of controlled substances in possession of firearms." (Doc. 26.) On August 27, 2008, the United States filed their First

---

[1] This Motion corrects several clerical errors in the list of items to be forfeited in the United States First Motion for a Preliminary Order of Forfeiture. (Docs. 28 & 29.) The only difference between the First and Second Motions is the correction of the typographical errors in the list of items to be seized; therefore the First Motion is **DISMISSED AS MOOT**. (Doc. 28.)

Motion, which asked for a preliminary order of forfeiture for the weapons used in the commission of those offenses. (Doc. 28.) Defendant did not oppose this Motion. Subsequently, owing to several clerical errors in the list of weapons to be seized, the United States filed a Motion to Correct Clerical Errors in the list of forfeit weapons.[2] (Doc. 31.) The United State also filed a Second Motion for Forfeiture of the Weapons reflecting the typographical corrections to the plea agreement. (Doc. 29.)

2. The Government seeks forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). 18 U.S.C. § 924(d)(1) allows the Government to seek seizure of firearms used in commission of many offenses, including the violations of 18 U.S.C. § 922(g)(3) that Defendant pled guilty to here. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(1):

> As soon as practicable after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the

---

[2] This Motion asks the Court to allow the United States to correct the serial number of the "Glock, model 23C, .40 caliber pistol, serial number FRB324" listed in paragraph 2A of the plea agreement to serial number FRB325; and to delete a duplicate listing of the "Springfield Armory, model XD, .45 caliber pistol, serial number US656331," in paragraph 2B. (Doc. 31 at 1.) The Defendant has no objection to correction of these clerical errors. (Id. at 2.) Accordingly, and after careful consideration, the Motion is **GRANTED**. The United States is **DIRECTED** to file replacement pages reflecting these changes.

government has established the requisite nexus between the property and the offense.

The applicable nexus comes from 18 U.S.C. § 924(d)(2)(C), which requires that any firearms and munitions to be seized be "named and individually identified" and must be proved by "clear and convincing evidence" to be involved in an applicable crime. See also Charles Alan Wright, Nancy J. King, and Susan R. Klein, 3 Federal Practice and Procedure § 546 (3d ed. 2008) (nexus under Fed. R. Crim. P. 32.2(b)(1) is derived from the applicable forfeiture statute).

3. Here, Defendant pled guilty to three counts of Possession of Firearms and Ammunition by a Controlled Substance User or Addict in violation of 18 U.S.C. § 922(g)(3). (Doc. 26.) Any weapons used, or intended to be used, in violations of this type are subject to forfeiture under 18 U.S.C. § 924(d). The weapons specifically named in the plea agreement as being forfeit are:

(1) Glock, model 36, .45 caliber pistol, serial number FBS860US;

(2) Sig Sauer, model P229, .40 caliber pistol, serial number AB15432;

(3) Glock, model 30, .45 caliber pistol, serial number CLE028US;

(4) Glock, model 23C, .40 caliber pistol, serial number FRB325;

(5) Glock, model 27, .40 caliber pistol, serial number CSB886US;

(6) Savage Arms Corp., Stevens model 311A, 12 gauge shotgun, no serial number;

(7) Winchester, model 1300, 12 gauge shotgun, serial number not visible;

(8) Springfield Armory, model XD, .45 caliber pistol, serial number US656331;

(9) Glock .40 caliber magazine loaded with 9 rounds ammunition;

(10) Ruger Mini 14 magazine containing 5 rounds ammunition;

(11) 4 Glock, model 26 magazines loaded with 6 rounds ammunition each;

(12) Springfield Armory magazine pouch containing 2 Springfield Armory magazines each loaded with 13 rounds of .45 caliber ammunition;

(13) 2 speed loaders, each containing 5 rounds of .38 caliber ammunition;

and assorted ammunition.

In his plea agreement, "Defendant acknowledge[d] that he possess the [above] Property in violation of 18 U.S.C. § 922(g)(3) . . . . The Property is therefore subject to forfeiture . . . ." (Defendant's Corrected Plea Agreement ¶ B.1.) After careful consideration of the evidence before it, including Defendant's written plea agreement, this Court finds that the Government has proven, by clear and convincing evidence, that these weapons, "named and individually

identified" above have been used or were intended to be used in violation of 18 U.S.C. § 922(g)(3).

4. Accordingly, the Government's Motion for a Preliminary Order of Forfeiture is **GRANTED** with respect to the above listed items because this Court finds that the Government has established the requisite nexus between the above property and above offenses.

5. Upon entry of this Order, the United States Marshal for the Southern District of Georgia is authorized to seize the above property in accordance with Federal Rule of Criminal Procedure 32.2(b)(3).

6. The United States Attorney for the Southern District of Georgia is authorized to conduct any proper discovery to identify, locate, or dispose of the properties subject to forfeiture, in accordance with Federal Rule of Criminal Procedure 32.2(b)(3).

7. Upon entry of this Order, the United States is authorized to commence any proceeding necessary to comply with statutes governing third party rights, including giving notice of this Order.

8. The United States shall publish notice of this Order and its intent to dispose of the forfeited property in such a manner as the United States may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the property subject to forfeiture.

9. Any person, other than Defendant Ronald Eugene Kersey, asserting a legal interest in the forfeited property may, within

**thirty (30) days** of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the forfeited property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

10. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the Defendants at the time of sentencing, or before sentencing if the Defendants consent, and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c).

11. Any petition filed by a third party asserting an interest in the forfeited property, pursuant to 21 U.S.C. § 853(n) shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the forfeited property; and any additional facts supporting the petitioner's claim and the relief sought.

12. After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1) and before a hearing on the petition, discovery may be conducted in accordance with the Federal

Rules of Civil Procedure as is necessary or desirable to resolve factual issues related to any ancillary claims which may be filed.

13. The United States shall have clear title to the subject properties following the Court's disposition of all third-party interests, or, if none are asserted, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

14. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

15. The Clerk of Court is hereby **DIRECTED** to send certified copies of this Order to Assistant United States Attorney, Cameron Heaps Ippolito, United States Attorney's Office for the Southern District of Georgia, 100 Bull Street, Suite 201, Savannah, Georgia 31401 (**four certified copies**)[3] and to Robert P. Phillips, III, 402 E. Liberty Street, Savannah, Georgia 31401 (**one certified copy**).

SO ORDERED this 15th day of October, 2008.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] The United States Attorney is **DIRECTED** to send one of these copies to the appropriate United States Marshalls Office before that office undertakes the seizure of this property.

7